effect, are found in the membership certificate in this case. The rule is well settled that, where the meaning of words in such a certificate as is here under consideration is in doubt, they should be construed most strongly against the insurer, and the benefit of all doubt given to the insured. In this case the meaning is clear and beyond any doubt. McGlother v. Accident Co., 32 C. C. A. 318, 89 Fed. 685. The injuries suffered .by plaintiff were occasioned "by poison" or by "contact with poisonous substances," within the meaning of the certificate.

The judgment and order of the city court must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

AMERICAN WATCHMAN'S TIME–DETECTOR CO. v. AMERICAN EXCH. NAT. BANK.

(Supreme Court, Appellate Term. February 25, 1901.)

CONFLICTING EVIDENCE—REVIEW.
    A judgment on conflicting evidence will not be reversed.

Appeal from municipal court, borough of Manhattan, First district.

Action by American Watchman's Time-Detector Company against American Exchange National Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

W. L. Bunnell, for appellant.
Cardoza & Nathan, for respondent.

ANDREWS, P. J. This is an appeal by the plaintiff from a judgment for the defendant in an action in the municipal court. The action was brought by the plaintiff to recover $297 for the alleged loss of profits on an alleged oral contract by which the plaintiff claimed he was to furnish and place in the defendant's new bank building what is known as a "Watchman's Time Clock," with connections. The main question involved was whether such a contract was made between the plaintiff and the defendant, and the municipal court decided, upon conflicting evidence, that no such contract was ever made.

I am of the opinion that the decision of the municipal court was correct, and that the judgment should be affirmed. All concur.